**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERNARD REID,<br><br>    Plaintiff,<br><br>v.<br><br>ALPHA DOE, *et al.*,<br><br>    Defendants. | Civil Action No. 23-3622 (MAS) (JBD)<br><br>**OPINION** |

**SHIPP, District Judge**

   This matter comes before the Court on Plaintiff Bernard Reid's application to proceed *in forma pauperis* (ECF No. 3) and complaint (ECF No. 1). Having reviewed the application, the Court finds that leave to proceed *in forma pauperis* is warranted in this matter and will, therefore, grant the application. Because the application shall be granted, this Court is required by 28 U.S.C. § 1915(e)(2)(B) to screen the complaint and dismiss the complaint if it is frivolous, malicious, or fails to state a plausible claim for relief. For the following reasons, the Court dismisses Plaintiff's complaint without prejudice.

**I.     BACKGROUND**

   Plaintiff is a state prisoner confined in New Jersey State Prison. On June 21, 2021, Plaintiff was notified by the prison's business office that he had received a stimulus check pursuant to the Consolidated Appropriations Act of 2021. (ECF No. 1 at 14.) Without Plaintiff's express permission or direction, that check was thereafter deposited into Plaintiff's inmate account, after which funds were withdrawn from the stimulus check to pay various debts Plaintiff owed to the

State of New Jersey. (*Id.* at 14-15.) Plaintiff asserts that this violates his federal rights under the Consolidated Appropriations Act as the stimulus checks provided under that Act were not to be subject to garnishment. (*Id.*) Plaintiff also asserts that the improper taking of his funds without following the law or proper state procedures, and without providing him an opportunity to respond, violated his rights under the Due Process Clause. (*Id.*) As Defendants, Plaintiff names a number of John Doe Defendants who represent the following: the Commissioner of the New Jersey Department of Corrections ("DOC"), an individual working in the DOC's Office of Legal Affairs, an individual in the DOC's Division of Operations, the Director of the DOC's Revenue Unit, the Business Manager of New Jersey State Prison, and an Inmate Account Manager in the prison's business office. (*Id.* at 2-12.) Plaintiff makes no efforts to allege how each of these individuals was involved in the taking of his funds. Plaintiff instead relies on a blanket litany, asserting that each defendant was either directly involved, failed to rectify the error, enacted unspecified policies, was grossly negligent in supervising staff, or was deliberately indifferent to his rights, without specifying which Defendant falls into which category. (*Id.*)

## II.     **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all

2

reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  **DISCUSSION**

In his current complaint, Plaintiff seeks to raise claims pursuant to § 1983 against various NJDOC staff based on alleged violations of his rights under the Due Process Clause and the Consolidated Appropriations Act of 2021. Turning to the due process issue, Plaintiff essentially asserts that his stimulus funds were improperly and in contravention of established procedures taken from him without Plaintiff first being provided due process. "[W]here a state actor deprives

3

an individual of property without authorization, either intentionally or negligently, that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available. *See Hudson v. Palmer*, [468 U.S. 517, 530-36] (1984); *Parratt v. Taylor*, [451 U.S. 527, 543-44] (1981), *overruled in part on other grounds*, *Daniels v. Williams*, [474 U.S. 327] (1986)." *Love v. N.J. Dep't of Corr.*, No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015). As the New Jersey Tort Claims Act amounts to a sufficient post-deprivation remedy, a prisoner in New Jersey may not pursue a civil rights claim based on the improper taking of his property as due process is available to him through a Tort Claims Act claim in state court. *Id.*; *see also Pressley v. Huber*, 562 F. App'x 67, 70 (3d Cir. 2014). Plaintiff's due process claim thus fails to state a plausible claim for relief and must be dismissed as such.

Turning to the Consolidated Appropriations Act claim, it is not absolutely clear that the statute's anti-garnishment provisions as to stimulus checks were intended to give rise to a claim under § 1983, but at least a few courts have assumed that such a claim may be viable. *See Hakeem v. Kan. Dep't of Human Servs.*, No. 22-3144, 2022 WL 16642268, at *3-4 (10th Cir. Nov. 3, 2022); *Beal v. Davdis*, No. 21-522, 2021 WL 2934835, at *4 (W.D. Mich. July 13, 2021), *vacated in part on reconsideration*, 2021 WL 11628347 (W.D. Mich. Nov. 30, 2021). Even if this Court were to assume that such a claim was viable, however, Plaintiff's current complaint would fail to state a plausible claim for relief at this time as Plaintiff has failed to clearly identify how each of the named Defendants was actually involved in the taking of his funds. A defendant may only be held liable in a federal civil rights matter where he had personal involvement in the alleged wrongs. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A civil rights defendant may not be held vicariously liable for the actions of his subordinates, and a defendant will only be subject to a civil rights suit where he was either directly involved in the alleged violation, directed others to engage in the alleged improper conduct, had *actual* knowledge of the alleged wrong and acquiesced in its

occurrence, or instituted specific policies or practices which were the moving force behind the violation. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Plaintiff provides a single blanket litany suggesting that each Defendant must fit into one of the above categories. Plaintiff, however, provides no factual allegations as to the specific actions of each named Defendant which would result in each named Defendant being liable for the alleged wrongs. Plaintiff pleads no facts as to what actions each Defendant took, what policies each put into place, or how each Defendant was directly involved in the allegedly improper taking of his funds. Thus, even if Plaintiff may be able to state a claim under the Consolidated Appropriations Act, he fails to do so here as Plaintiff has not pled facts showing the personal involvement of any of the named Defendants. Plaintiff's claims must therefore be dismissed without prejudice at this time.

### IV. <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 3) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**