NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BERNARD REID,

                Plaintiff,

v.

ALPHA DOE, *et al.*,

                Defendants.

Civil Action No. 23-3622 (MAS) (JBD)

OPINION

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Bernard Reid's amended complaint. (ECF No. 8.) As Plaintiff has previously been granted *in forma pauperis* status in this matter, this Court is required by 28 U.S.C. § 1915(e)(2)(B) to screen the amended complaint and dismiss the amended complaint if it is frivolous, malicious, or fails to state a plausible claim for relief. For the following reasons, Plaintiff's amended complaint shall be dismissed without prejudice in its entirety.

**I.**     **BACKGROUND**

    Plaintiff is a state prisoner confined in New Jersey State Prison. (ECF No. 8 at 8.) In June 2021, the federal government issued Plaintiff an economic impact payment under the Consolidated Appropriations Act of 2021 ("CAA"), which was received by New Jersey officials.[1] (*Id.*)

---

[1] Plaintiff alleges that this payment came in the form of a check, which he did not sign or authorize for deposit. Under the CAA, however, the payments were to be made electronically by direct deposit. *See, e.g., Hakeem. v. Kan. Dep't of Human Servs.*, No. 22-3144, 2022 WL 16642268, at *3 (10th Cir. Nov. 3, 2022). As Plaintiff was not present for the receipt of the funds, this Court assumes it was actually an electronic transfer rather than a check, although the Court's rulings would not differ had the payment come in the form of a check.

Although Plaintiff believes doing so did not follow proper state rules and regulations, this money was deposited into Plaintiff's inmate account without his approval. (*Id.*) Plaintiff was not informed of the deposit immediately, and the money was thereafter debited to pay various fines, fees, and other debts Plaintiff owed to the state. (*Id.* at 8-9.) Plaintiff thereafter gave Defendants "notification" that he felt he had been improperly deprived of his funds, and attempted to file administrative grievances, but did not receive a response he felt satisfactory. (*Id.* at 9.) It is not clear what form the notification took or what sort of administrative filing Plaintiff made. (*Id.*) Plaintiff asserts that the deprivation of these funds denied him Due Process, Equal Protection, his rights under the Eighth Amendment, the protections of the Americans with Disabilities Act ("ADA") and Rehabilitation Act, and are thus actionable under various federal civil rights statutes. (*Id.* at 10-13.)

**II.    LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but it need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A

complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his amended complaint, Plaintiff seeks to raise federal civil rights claims against various NJDOC staff based on alleged violations of his rights related to payments received pursuant to the Consolidated Appropriations Act of 2021. Plaintiff initially alleges that the withdrawal of funds from his check to pay his debts amounts to a violation of Due Process. As this Court previously explained to Plaintiff, however:

> where a state actor deprives an individual of property without authorization, either intentionally or negligently, that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available. *See Hudson v. Palmer*, [468 U.S. 517, 530-36] (1984); *Parratt v.*

3

> *Taylor*, [451 U.S. 527, 543-44] (1981), *overruled in part on other grounds*, *Daniels v. Williams*, [474 U.S. 327] (1986).

*Love v. N.J. Dep't of Corr.*, No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015). As New Jersey prisoners have a viable post-deprivation remedy through both the New Jersey Tort Claims Act ("NJTCA")[2] and prison grievance systems, a prisoner in New Jersey may not pursue a civil rights claim based on the improper taking of his property because Due Process is available to him through a NJTCA claim in state court. *Id.*; *see also Pressley v. Huber*, 562 F. App'x 67, 70 (3d Cir. 2014). Plaintiff's Due Process claim thus fails to state a plausible claim for relief and must once again be dismissed as such.

Plaintiff next asserts that the taking of his funds amounts to a denial of Equal Protection. To state a claim for a violation of his Equal Protection rights, Plaintiff would, at a minimum, need to allege that he was treated differently from another similarly situated prisoner and that there is no rational basis for the difference in treatment. *See, e.g., Wofford v. Lanigan*, No. 14-5723, 2015 WL 9480016, at *5 (D.N.J. Dec. 28, 2015) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000)). The identification of another similarly situated individual who was treated differently is thus a necessary condition for such a claim. *See Watlington ex. rel. FCI Schuylkill African Am. Inmates v. Reigel*, 723 F. App'x 137, 139 (3d Cir. 2018). Although Plaintiff alleges other prisoners received their CAA economic impact payments, he does not allege that they were similarly

---

[2] Plaintiff also alleges that he believes that the taking of his funds violates his rights under the NJTCA, but does not elaborate on how or why he believes this to be the case. As the NJTCA is a mechanism for seeking relief rather than a substantive source of rights, and as Plaintiff does not allege that he sought relief under the NJTCA or that he was denied the ability to file a claim under the NJTCA, Plaintiff's bare assertion does not undermine this Court's finding that the NJTCA is a viable post-deprivation remedy. In any event, as the NJTCA is a matter of state law, any deprivation of Plaintiff's rights under the NJTCA would not be actionable in a federal civil rights matter. To the extent Plaintiff intended to raise a state law claim related to the NJTCA, this Court declines supplemental jurisdiction over that claim as this Court will dismiss all claims over which it has original jurisdiction. *See* 28 U.S.C. 1367(c)(3).

situated—he says nothing about whether these prisoners had similar debts to the state, or whether they received their payments in the same form or manner, or otherwise attempt to show that they are similarly situated to him. Plaintiff thus fails to plead a plausible claim for relief under the Equal Protection clause.

Plaintiff next alleges that the taking of his funds amounts to cruel and unusual punishment. To plead an Eighth Amendment claim based on unduly punitive conditions of confinement, a plaintiff must plead facts indicating that the defendants subjected him to "objectively, sufficiently serious" conditions which resulted in the "denial of the minimal civilized measure of life's necessities," and that the prison officials' actions indicate that they were "deliberate[ly] indifferen[t] to [the plaintiff's] health or safety" in imposing those conditions. *See Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Although the taking of Plaintiff's economic impact payment to pay fines, fees, and debts he legally owed may potentially have violated the CAA, such deductions did not deny Plaintiff the minimal civilized measure of life's necessities. Indeed, there is nothing cruel and unusual about requiring prisoners to pay the debts they have incurred. Plaintiff thus fails to state a valid claim under the Eighth Amendment, and his Eighth Amendment cruel and unusual punishment claim is therefore dismissed.

Plaintiff also characterizes the use of his economic impact payment to pay his debt as improper retaliation. "In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Township*, 463 F.3d 285, 296 (3d Cir. 2006). Here, Plaintiff fails to adequately plead that he engaged in constitutionally protected conduct, or that the deduction of his funds was in any way causally

5

linked to any such conduct. Instead, the factual allegations suggest that the deduction was a mechanical reaction to the presence of funds in Plaintiff's account and the state's inadvertent failure to mark those funds off as exempt from garnishment. Plaintiff has thus failed to plead the necessary elements of a First Amendment retaliation claim, and that claim is therefore dismissed as well.

Plaintiff also asserts that the taking of his funds violates the ADA and Rehabilitation Act, statutes designed to protect those with disabilities, even though he readily admits that he "does not actually have a disability." (ECF No. 8 at 11.) The possession of a qualified disability, however, is the *sine qua non* of a claim under either of those two statutes. *See, e.g., Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288-89 (3d Cir. 2019). As Plaintiff admits he has no disability, he cannot state a plausible claim for relief under either the ADA or Rehabilitation Act, and those claims are therefore also dismissed.

In his final series of claims, Plaintiff asserts that the taking of his funds is actionable under various civil rights statutes[3] as it violates the CAA. As this Court previously noted, it is not entirely clear that the CAA was intended to give rise to a claim under § 1983, but several courts have assumed the viability of such a claim. *See Hakeem*, 2022 WL 16642268, at *3-4; *see also Beal v. Davis*, No. 21-522, 2021 WL 2934835, at *4 (W.D. Mich. July 13, 2021), *vacated in part on reconsideration*, 2021 WL 11628347 (W.D. Mich. Nov. 30, 2021). Assuming that a CAA violation related to stimulus funds could state a claim under § 1983, a plaintiff seeking relief under the statute

---

[3] Plaintiff specifically identifies 42 U.S.C. § 1983, the general civil rights statute, § 1985(3), which applies only to class based discriminatory conspiracies, and § 1986. As § 1985(3) applies only to conspiracies to violate civil rights related to the plaintiff's membership in a protected class, and a viable § 1985 claim is a prerequisite of a § 1986 claim, and Plaintiff fails to allege that he is a member of a protected class or that his membership in a protected class was the motivation behind the alleged violations of his rights, Plaintiff fails to state a claim for relief under § 1985(3) or § 1986, and his claims under those statutes are dismissed. *See, e.g., Kokinda v. Pa. Dep't of Corr.*, 779 F. App'x 944, 949-50 (3d Cir. 2019). This Court therefore discusses only Plaintiff's CAA claim under § 1983 in the body of this opinion.

would have to plead facts indicating that either: (1) the payment was made in a form containing a unique identifier indicating it was a CAA economic impact payment or the plaintiff explicitly requested that the defendants treat the payment as such; or (2) Defendants are themselves or are the employees of the "financial institution" that received or processed the payment and they garnished funds from it improperly. *See, e.g., Hakeem*, 2022 WL 16642268, at *3-4. Here, Plaintiff does not allege that his payment arrived containing a unique identifier.[4] Although Plaintiff's amended complaint states that he made "applications" to at least some Defendants for the "services necessary to exercise the enjoyment of the benefit" of the funds, it is not entirely clear the mechanism he used, or if his actions were sufficient to put Defendants on notice that his funds were CAA funds not to be garnished. In any event, it is also unclear from the amended complaint that Defendants—who include a prison administrator, the head of the state department of corrections, and various placeholder defendants representing a number of individuals in various roles at the state and prison level—were acting as or on behalf of a "financial institution" sufficient to support a violation of the CAA. *Id.*

Even if this Court were to put these issues aside and assume Plaintiff's claim was otherwise viable, Plaintiff's amended complaint would still fail to state a plausible claim for relief as Plaintiff has again failed to clearly identify how each of the named Defendants was actually involved in the taking of his funds. Instead, Plaintiff merely asserts that Defendants must have been responsible for the depositing and debiting of his funds and that Defendants engaged in a vague conspiracy to deprive him of his money. A defendant may only be held liable in a federal civil rights matter where he had personal involvement in the alleged wrongs. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A civil rights defendant may not be held vicariously liable for the actions of his subordinates, and a defendant will only be subject to a civil rights suit where he was either directly involved in the alleged violation, directed others to engage in the alleged improper conduct, had

---

[4] Plaintiff alleges that he received a total payment of $1,400, which alone does not make clear that it included the CAA economic impact payment of six hundred dollars.

*actual* knowledge of the alleged wrong and acquiesced in its occurrence, or instituted specific policies or practices which were the moving force behind the violation. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Plaintiff does not identify what actions Defendants took in this matter, nor does he identify a policy or practice responsible for the alleged mishandling of his funds. Instead, Plaintiff suggests that the taking of the funds was *contrary* to established policies and procedures. Plaintiff, at best, asserts that some Defendants were made aware of the taking of his funds after the alleged wrong had already occurred, which is not sufficient to state a plausible claim for relief as such after-the-fact knowledge fails to make out each defendant's personal involvement in the taking of Plaintiff's funds.

Plaintiff's vague allegations of a conspiracy do not rectify this problem. Vague allegations of a conspiracy are insufficient to show a defendant's personal involvement absent direct factual allegations as to the elements of a conspiracy for each named defendant—agreement and concerted action. *See Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008). The "bare allegation of an agreement is insufficient to sustain a conspiracy claim," *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012), and a plaintiff may not show a conspiracy by merely asserting that two parties' actions had the same result or were the result of even "conscious parallelism" without specific allegations of agreement and concerted action as to each defendant. *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015). Although Plaintiff asserts that Defendants must have conspired against him, he does not allege any facts regarding when or how any of the Defendants entered into an agreement to deprive him of his funds, or what actions they took in furtherance of that agreement. Plaintiff has thus failed to plead a plausible claim for a conspiracy, and his conspiracy claims fail to provide a stable platform of personal involvement in which to plead his CAA claim. Plaintiff's CAA claim is therefore dismissed without prejudice for failure to plead a plausible claim for relief and for failure to plead each defendant's personal

involvement in the alleged wrongdoing. Because all of Plaintiff's claims shall be dismissed without prejudice, Plaintiff's amended complaint shall be dismissed without prejudice in its entirety.

## IV.     CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 8) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty days. An Order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**